# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMES DONALD HERRING,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   **CIVIL ACTION 05-0215-WS-B** |
| | ) |
| **WILLIAM R. BEASLEY,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on plaintiff's Motion for Leave to Amend Complaint and Motion to Remand this Action to State Court (doc. 10). Both motions have been briefed and are ripe for disposition at this time.[1]

**I.   Background.**

On February 14, 2005, plaintiff James Donald Herring filed a Complaint in the Circuit Court of Mobile County, Alabama, against named defendants William R. Beasley (individually and d/b/a Beasley Trucking) and Judson, Inc., as well as several fictitious defendants, alleging state law causes of action for negligence and wantonness. According to the Complaint, on October 25, 2004, Beasley was driving a logging truck bearing a load of logs southbound on Highway 45 in Citronelle, Alabama. Herring was allegedly driving a pickup truck southbound on Highway 45 alongside Beasley's truck. The Complaint alleges that when Beasley turned from Highway 45 onto Newburn Street, logs extending from the back of his truck obstructed Herring's lane of travel. A collision ensued between

---

[1]   The Beasley Defendants have requested oral argument on the amendment and remand issues. (Opposition Brief, at 5.) After careful review of the materials submitted by the parties, and all parts of the court file deemed relevant, the Court is of the opinion that oral argument would not be of material assistance in resolving the pending motions. As such, the request for oral argument is **denied**. *See* Local Rule 7.3 (providing that "the court may in its discretion rule on any motion without oral argument").

Herring's vehicle and the protruding logs, the Complaint alleges, as a result of which plaintiff sustained injuries.

The caption of the Complaint names Judson, Inc. as a defendant, and its jurisdictional section states that "the Defendant, Judson, Inc., is an Alabama corporation with its principle [*sic*] office in Toxey, Alabama." (Complaint, ¶ 4.) Additionally, the introductory paragraphs and *ad damnum* clauses of each cause of action in the Complaint identify Judson as a defendant from whom relief is sought. Unfortunately, the substantive allegations of the Complaint make no mention of Judson's role (if any) in the motor vehicle accident that is the subject of this lawsuit, nor do they recite any factual basis for concluding that Judson conducted itself negligently or wantonly in connection with that accident.

On April 8, 2005, defendants William Beasley and Beasley Trucking (collectively, the "Beasley Defendants") removed this action to federal court pursuant to 28 U.S.C. § 1441(a). The Beasley Defendants maintained that subject matter jurisdiction was proper pursuant to 28 U.S.C. § 1332, inasmuch as there was diversity of citizenship between plaintiff (an Alabama citizen) and the Beasley Defendants, both of which are Mississippi citizens for diversity purposes. In their Notice of Removal, the Beasley Defendants acknowledged that defendant Judson is an Alabama citizen (as is plaintiff), but asserted that Judson had been fraudulently joined to defeat diversity. To support this argument, the Beasley Defendants pointed out that "Plaintiff has failed to allege any facts that would entitle him to relief against Judson, Inc." (Notice of Removal (doc. 1), at 2.)

Plaintiff now comes forward with two related motions, the first being a Motion for Leave to Amend Complaint to assert certain facts relating to Judson, and the second being a Motion to Remand on the basis that Judson was not fraudulently joined and that complete diversity of citizenship is therefore lacking. The proposed amendment would add allegations that Judson loaded the logs onto Beasley's truck, and did so in a negligent or wanton fashion by allowing the logs to protrude from the truck in a manner that created an unreasonable hazard to other motorists.[2] The Beasley Defendants

---

[2] In particular, the totality of the amendment sought by Herring is insertion of a new Paragraph 9, reading as follows:

"Defendant Judson, Inc. loaded the logs onto Defendant William R. Beasley's logging

-2-

oppose both motions.[3]

## II.     Motion for Leave to Amend Complaint.

### *A.     Legal Standard.*

Herring's Motion for Leave to Amend is governed by Rule 15(a), Fed.R.Civ.P., which provides that leave to amend pleadings "shall be freely given when justice so requires." *Id.* The Eleventh Circuit has explained that such leave should be "freely given," as required by the rule, except in the presence of countervailing factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); *see also Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (explaining that despite "freely given" language of Rule 15(a), leave to amend may be denied on such grounds as undue delay, undue prejudice, and futility). Although whether to grant leave to amend rests in the district court's discretion, denying leave to amend is an abuse of discretion in the absence of a showing of one or more of the *Foman* factors. *See, e.g., Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001) (lower court should have permitted amendment to complaint where there was no evidence of prejudice or undue delay); *McKinley*, 177 F.3d at 1258 (opining that district court abused discretion in refusing to permit amendment where opposing party would not be

---

>     truck before the trip undertaken by Defendant William R. Beasley as set out above. When Defendant Judson, Inc., loaded the logs onto the truck, it negligently allowed part of the logs to extend off the back of the truck in such a manner as to obstruct adjoining lanes of traffic. Defendant Judson, Inc., knew or should have known that loading the logs in this manner would likely or probably cause the logs to strike a vehicle in an adjoining lane of traffic."

(Proposed Amended Complaint, ¶ 9.)

>   [3]     Although the legal issues before the Court relate to the sufficiency of certain allegations against defendant Judson, that party has not participated in the briefing of any of these motions. According to the Notice of Removal, Judson had not been served with process as of the date of removal, and plaintiff has not filed proof of service as to Judson in this action subsequent to removal.

prejudiced); *Loggerhead Turtle v. County Council of Volusia County, Fla.*, 148 F.3d 1231, 1257 (11th Cir. 1998) (overturning denial of leave to amend where defendant had not shown prejudice or undue delay).

### ***B.    Analysis.***

Although the briefs do not address Herring's Motion in the Rule 15 vernacular outlined by the Supreme Court in *Foman*, a reasonable reading of the Beasley Defendants' position is that the amendment should be denied on futility and bad faith grounds.

#### *1.    The Proposed Amendment is Not Futile.*

With respect to futility, the law is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999). The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied. *See, e.g., Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (denial of leave to amend justified by futility when "complaint as amended is still subject to dismissal"); *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996) (amendment is futile if cause of action asserted therein could not withstand motion to dismiss); *Amick v. BM & KM, Inc.*, 275 F. Supp.2d 1378, 1381 (N.D. Ga. 2003) ("In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss."). As a result, Herring's proposed amendment must be analyzed through the traditional Rule 12(b)(6) prism to ascertain whether it states a cognizable state law claims for negligence and wantonness.

The Beasley Defendants argue that the proposed claims against Judson fail, as a matter of law, because Alabama Code § 32-9-25 exempts log trucks from certain maximum length restrictions set forth in § 32-9-20. (Opposition Brief (doc. 14), at 3-4.) Those defendants further maintain that the

proposed amendment is inadequate under Rule 8(a), Ala.R.Civ.P., because it fails to identify "how any defendant breached any duty" or to explain "the origin of any duty imputed to Judson." (*Id.* at 4.)[4]

The Court cannot embrace the position that § 32-9-25 necessarily absolves Judson from all legal responsibility to anyone for negligent or wanton loading of logs onto Beasley's truck. On its face, the cited statute does not purport to immunize parties such as Judson from common-law civil liability for negligent or wanton acts or omissions in connection with log-loading activities.[5] In fact, the statute does not appear to apply to log loaders at all. *See* Ala. Code § 32-9-5 (confining this chapter to "owners" and "operators" of trucks, semitrailer trucks and trailers). Based on the allegations and arguments before it, the Court cannot conclude that § 32-9-20 has any bearing on plaintiff's claims against Judson, much less that violation of § 32-9-20 constitutes the only mechanism through which the negligence or wantonness of a log loader might be derived under Alabama law.

The Beasley Defendants' alternative argument as to the sufficiency of the proposed Amended Complaint under Rule 8(a) fares no better. To be sure, that amendment could have more expansively delineated the factual basis of the liability that Herring ascribes to Judson, and the legal theory or theories on which recovery is sought. However, the Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). Applying this standard, the Eleventh Circuit has made clear that "the threshold of sufficiency to which a complaint is held at the motion-to-dismiss stage is exceedingly low." *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003). The rules do not oblige a plaintiff to plead its claims with as

---

[4] The Beasley Defendants' reliance on the Alabama Rules of Civil Procedure in assessing the sufficiency of the proposed Amended Complaint is misplaced, given that this action is now pending in federal court and governed by the Federal Rules of Civil Procedure.

[5] The Beasley Defendants' own position in this case appears inconsistent with the argument they now posit relating to the Judson claims. Indeed, if log truck drivers and owners had a statutory "free pass" under § 32-9-25 for any liability arising from logs extending beyond the rear of the vehicle, then presumably the Beasley Defendants would have invoked such a § 32-9-25 defense in their Answer (doc. 2). Their failure to do so suggests that they do not believe that § 32-9-25 poses any obstacle to plaintiff's claims against them. If § 32-9-25 does not bar plaintiff's claims against the Beasley Defendants, then it is unclear why they contend that it necessarily precludes plaintiff's claims against Judson, which lies outside the categories of persons and entities to which that statute applies.

much specificity as it can.  *See In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995) ("For better or for worse, the Federal Rules of Civil Procedure do not permit district courts to impose upon plaintiffs the burden to plead with the greatest specificity they can.").  Under the law of this circuit, "[a] complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Commercial Workers Int'l Union, AFL-CIO, CLC*, 866 F.2d 1380, 1384 (11th Cir. 1989).

Upon review of the proposed amendment, the Court is satisfied that, whatever infirmities it may have, it intelligibly recites claims for relief against defendant Judson upon which relief can be granted, such that the proposed amendment would survive Rule 12(b) scrutiny.  Without question, the proposed amendment would place Judson on notice of the claims being asserted against it (*i.e.*, state law claims for negligence and wantonness) and the grounds for same (*i.e.*, Judson negligently or wantonly loaded logs onto Beasley's truck in a manner that posed unreasonable hazards to motorists such as plaintiff). Nothing further is required to satisfy Rule 8(a)'s liberal notice-pleading requirements.  Therefore, the fact that the proposed amendment does not delineate in treatise-like detail the legal source of the duty owed by Judson to plaintiff or the manner in which it was breached does not render that amendment fatally flawed for Rule 8(a) purposes.

For these reasons, the undersigned is of the opinion that the proposed amendment is not futile, and that denial of that amendment on futility grounds is therefore inappropriate and unwarranted.

       2.    *The Proposed Amendment was Not Filed in Bad Faith.*

Although the Beasley Defendants do not argue the point explicitly, they insinuate that the proposed amendment should be rejected because it was filed in bad faith, in an improper effort to thwart removal.[6]  But plaintiff's co-counsel, Richard H. Holston, has submitted an affidavit explaining that he intended to include in the Complaint a paragraph setting forth the relevant factual allegations

---

[6] For instance, they contend that the omission of factual allegations relating to Judson in the initial Complaint "was less of a clerical error and more of a [*sic*] indication indication [*sic*] of the Plaintiff's struggle to keep [the Beasley Defendants] from exercising their right to remove this case to federal court." (Opposition Brief, at 1.)

against Judson, but that "through inadvertent error and oversight, [he] failed to do so." (Holston Aff., ¶ 4.) Attorney Holston further explains that he believes the "inadvertent error and oversight" can be traced to the similarity of the factual allegations against the Beasley Defendants and Judson, suggesting that this very similarity induced him "to overlook the absence of specific factual allegations against Defendant Judson, Inc." (*Id.*, ¶ 5.) According to the affidavit, plaintiff will pursue a separate lawsuit against Judson if he is not permitted to proceed against it here. (*Id.*, ¶ 6.) The numerous references to Judson sprinkled through the caption, the jurisdictional section, and the introductory paragraphs and *ad damnum* clauses of each claim for relief in the original Complaint, as well as plaintiff's ready explanation of (a) a facially plausible basis for seeking to hold Judson liable for Herring's injuries, and (b) why the initial Complaint omitted specific facts relating to Judson, all tend to corroborate Attorney Holston's representations to the Court.

This is not a case in which Judson was omitted from the original Complaint but added later in a hasty, last-ditch attempt to subvert federal jurisdiction. Nor is this a case in which Judson's alleged connection to the subject matter of the Complaint is strained, tenuous or unreasonable on its face. Without question, Herring has a colorable basis for seeking relief from Judson for the automobile accident of October 25, 2004. A reasonable reading of the initial Complaint supports the conclusion that Herring has always intended to proceed against Judson, both before and after removal of this action. Plaintiff has come forward with a rational explanation for his failure to include more detailed allegations relating to Judson in the initial Complaint. Judson appears to be a key player in the chain of events culminating in this litigation. Under the circumstances, the Court does not perceive any basis for discarding Attorney Holston's representations or for concluding that the proposed amendment was filed with nefarious intent, or otherwise for an improper purpose. Rather, the Court "is satisfied that the aim of [Herring's] amendment was directed more toward the inclusion of proper claims against [Judson], who is an existing non-diverse defendant named in the Complaint, rather than to the exclusion of federal jurisdiction." *Davis ex rel. Estate of Davis v. General Motors Corp.*, 353 F. Supp.2d 1203, 1206 (M.D. Ala. 2005). The "bad faith" ground for disallowing an amendment is clearly not present here. *See Triggs*, 154 F.3d at 1291 (rejecting "bad faith" argument relating to alleged fraudulent joinder of

defendant where nothing suggested absence of real intention on part of plaintiff to secure a joint judgment against the joined defendant).

    3.  *Conclusion.*

  For the reasons stated above, the Court finds that the proposed amendment to the Complaint is neither futile nor submitted in bad faith.  In light of that finding, and because none of the other *Foman* factors for denying leave to amend pursuant to Rule 15(a) are present here, the Court finds that plaintiff's Motion for Leave to Amend Complaint is due to be, and the same hereby is, **granted**.

### III. Motion to Remand.

####   A. *Governing Legal Principles.*

  A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must establish the existence of federal jurisdiction.  *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand.  *See Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1333 (11th Cir. 1998) (expressing preference for remand where removal jurisdiction is not absolutely clear); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (uncertainties regarding removal are resolved in favor of remand); *Newman v. Spectrum Stores, Inc.*, 109 F. Supp.2d 1342, 1345  (M.D. Ala. 2000) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

  There being no federal question presented in the Complaint, the Beasley Defendants based removal on diversity of citizenship.  Under 28 U.S.C. § 1332(a), federal courts have original

jurisdiction over all civil actions between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.*; *see Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  Section 1332 contemplates and demands complete diversity, such that no plaintiff may be a citizen of the same state as any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002); *Triggs*, 154 F.3d at 1287.  That said, however, "[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs*, 154 F.3d at 1287.  The doctrine is triggered when: (i) "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant"; (ii) "there is outright fraud in the plaintiff's pleading of jurisdictional facts"; or (iii) there is a diverse defendant joined with a nondiverse defendant as to whom there is no joint liability and the claims against the two defendants have no real connection to each other. *Id.*  The Notice of Removal implicates only the first of these applications of the fraudulent joinder doctrine.

Where fraudulent joinder is alleged, the defendant bears the burden of proof on that issue. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) ("where there have been allegations of fraudulent joinder, it is clear that the burden is upon the removing party to prove the alleged fraud"). This burden is heavy. *See Crowe*, 113 F.3d at 1538; *B., Inc.*, 663 F.2d at 549 ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In evaluating defendants' arguments, the Court is mindful that "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Triggs*, 154 F.3d at 1287; *see also GMFS, L.L.C. v. Bounds*, 275 F. Supp.2d 1350, 1353-54 (S.D. Ala. 2003) ("A defendant (typically a resident of the forum) is fraudulently joined if there is no possibility that the plaintiff can prove a cause of action against him."); *Raye v. Employer's Ins. of Wausau,* 345 F. Supp.2d 1313, 1317 (S.D. Ala. 2004) (similar); *Owens v. Life Ins. Co. of Georgia*, 289 F. Supp.2d 1319, 1324 (M.D. Ala. 2003) ("a motion to remand should be denied only if the court is convinced that there is no possibility that the plaintiff can

establish any cause of action against the resident defendant"). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287.

### B.     Analysis.

Plaintiff maintains that the granting of the Motion for Leave to Amend is, by itself, dispositive of the remand issue. According to plaintiff's reasoning, the Court is free to disregard the well-established principle that removability is determined based on the facts existing at the time of removal[7] because 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* (*See* Motion to Remand, ¶ 8.) Defendants do not challenge this statement, but it is nonetheless deeply flawed and contrary to binding precedent.

Indeed, the Eleventh Circuit has found reversible error where a district court predicates a § 1447(c) remand on post-removal events, as Herring urges this Court to do. In *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287 (11th Cir. 2000), the panel canvassed appellate authority interpreting and applying the § 1447(c) language on which plaintiff relies here, and concluded that "every Circuit that has addressed this issue has held that the proper inquiry is still whether the court had jurisdiction at the time of removal." *Id.* at 1290. Based on an exhaustive survey of decisional authority from other jurisdictions, as well as relevant legislative history, the *Poore* court held that "the amendments to § 1447(c) did not alter the fact that, in this case, ***the district court must determine whether it had subject matter jurisdiction at the time of removal***." *Id.* at 1290-91 (emphasis added); *see also Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) (reaffirming the *Poore* holding). The district court in *Poore* had failed to adhere to this rule, instead remanding the action pursuant to § 1447(c) based on a post-removal amendment to the complaint relating to amount in controversy. For that reason, and after a detailed explanation of why that ruling was reviewable on

---

[7]     *See, e.g., Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) (observing that Supreme Court has consistently held that jurisdiction existing when action is commenced cannot be divested by subsequent events).

appeal, the *Poore* court declared that the lower court "committed reversible error by remanding based on Appellees' post-removal amended complaint." *Id.* at 1292.  This Court declines Herring's apparent invitation to follow in the erroneous footsteps of the district court in *Poore*.[8]

The critical question under *Poore* and § 1447(c), then, is whether federal subject matter jurisdiction existed at the time of removal.  The Court finds that it did not.  On its face, the Complaint named a non-diverse defendant, Judson, as a party.  The Beasley Defendants maintain that the Court is free to ignore Judson's citizenship because Judson "was added as a sham to defeat complete diversity." (Notice of Removal, ¶ 9.)  But the Court cannot find that, at the time of removal, plaintiff had no possibility of proving a cause of action against Judson.  Whatever omissions the Complaint might have made, it charged Judson with negligence and wantonness in connection with the subject automobile accident, which was allegedly proximately caused by unreasonably protruding logs from the rear of a logging truck.  The record reflects that Judson was the loader responsible for placing the offending logs on Beasley's truck.[9]  As such, Herring unquestionably had at least a "possibility of stating a valid cause

---

[8] A potential ground for averting *Poore* error would be to remand pursuant to § 1447(e) rather than § 1447(c).  After all, § 1447(e) specifically authorizes district courts to remand based on the limited circumstance of post-removal joinder of "additional defendants whose joinder would destroy subject matter jurisdiction."  *Id.*; *see also Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) (interpreting § 1447(e) both strictly and literally).  The problem with embarking on a § 1447(e) analysis here is that the issue in this case "is not so much the joinder of a wholly new party by Plaintiffs, but rather the amendment of Plaintiffs' Complaint to assert claims against ... an existing defendant." *Davis*, 353 F. Supp.2d at 1207 n.6.  Under no reasonable construction of the pleadings is Herring seeking "to join additional defendants whose joinder would destroy subject matter jurisdiction."  28 U.S.C. § 1447(e).  To the contrary, the clear purpose of the post-removal amendment in this case is to flesh out factual allegations against an existing defendant, not to join a new defendant pursuant to Rules 19 or 20 of the Federal Rules of Civil Procedure.  As such, § 1447(e) has no application here.  In light of that determination, the Court need not parse through plaintiff's analysis of the multifactor test for joinder under § 1447(e), which was somewhat remarkable because it commenced with an emphatic (and correct) statement that "[b]ecause the proposed Amended Complaint does not seek to add a new Defendant, 28 U.S.C. § 1447(e) does not apply." (Motion to Remand, ¶ 12.)  Of course, that remark effectively obviated the need for the discourse that followed.

[9] Eleventh Circuit precedent makes clear that, in conducting a fraudulent joinder inquiry, a district court may "look beyond the face of the complaint" in order to ascertain whether a plaintiff's claims are "obviously fraudulent or frivolous." *Crowe*, 113 F.3d at 1542 (adopting summary

-11-

of action" against Judson sounding in negligence and/or wantonness based on its role in allegedly improperly loading the ill-fated logs that led to the accident. *Triggs*, 154 F.3d at 1287. Accordingly, it is the determination of this Court that Judson is not a sham defendant added for the purpose of defeating complete diversity, and that Judson therefore was not fraudulently joined.[10]

Because the Beasley Defendants have not satisfied their heavy burden of proving that Herring has no possibility of recovering against Judson, Judson's citizenship must be considered in determining whether the § 1332 prerequisites were satisfied at the time of removal. Defendant Judson and plaintiff Herring are both Alabama citizens, so there plainly was not complete diversity of citizenship at the time of removal. It having become apparent to the undersigned that federal subject matter jurisdiction was lacking at the time of removal, the Court is constrained to remand this action pursuant to 28 U.S.C. § 1447(c).

---

judgment-type procedures, but not substantive analysis, for fraudulent joinder, and considering affidavits and other extra-pleading materials in that endeavor); *Davis*, 353 F. Supp.2d at 1207 n.5 (explaining that fraudulent joinder argument is evaluated by Rule 56-style procedures, pursuant to which court may consider complaint, as supplemented by affidavits and other factual submissions by the parties). Therefore, in deciding whether Judson was fraudulently joined, the Court can properly consider background facts relating to Judson's relationship to the automobile accident, regardless of whether those facts were formally pleaded in the Complaint at the time of removal. Specifically, the Court can consider the facts alleged in Attorney Holston's Affidavit that (i) the Beasley Defendants were hauling logs for Judson on the date of the accident; (ii) Judson loaded the logs onto Beasley's truck; and (iii) in doing so, Judson improperly allowed the logs to extend off the back of the truck in such a manner that they blocked adjoining lanes of traffic. (Holston Aff., ¶¶ 3-4.)

[10] Reduced to its essence, the Notice of Removal is an attempt to exploit plaintiff's failure to allege specific facts relating to Judson's involvement in the accident. The Beasley Defendants do not argue that Judson did not in fact load the logs onto Beasley's truck, and the Complaint clearly articulates plaintiff's theory that the accident was proximately caused by protruding logs from the rear of that truck. Thus, there is no dispute that a substantial factual nexus exists between Judson and the incident giving rise to this lawsuit. The Beasley Defendants' contention that Judson is a sham defendant is therefore based not on the absence of a factual connection between Judson and the events being litigated herein, but rather on the mere drafting oversight of plaintiff's counsel in neglecting to flesh out Judson's role in the accident in the Complaint. The Court does not believe that federal subject-matter jurisdiction turns on such opportunistic considerations, nor can it find fraudulent joinder of a defendant whose conduct may well have been integral to the motor vehicle accident underlying the Complaint.

**IV.     Conclusion.**

For all of the foregoing reasons, the Motion for Leave to Amend (doc. 10) is **granted**. Furthermore, the Court concludes that there is not now, and has never been, federal subject matter jurisdiction over this action and that removal was therefore improvident. On that basis, plaintiff's Motion to Remand (doc. 10) is **granted**, and this action is hereby **remanded** to the Circuit Court of Mobile County, Alabama, pursuant to 28 U.S.C. § 1447(c), for further proceedings.

DONE and ORDERED this 21st day of June, 2005.

                                                                s/ WILLIAM H. STEELE
                                                                UNITED STATES DISTRICT JUDGE